that an allowance should have been made for the loss appearing upon the gaugers' returns as verified by the affidavits of the importers. The protests were sustained to this extent.

**No. 51551.**—Protests 123351–K, etc., of Schenley Import Corp. et al. (New York).

Opinion by EKWALL, J. It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination, because of breakage, leakage, or damage. In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gaugers' returns as verified by the affidavits of the importers. The protests were sustained to this extent.

JANUARY 30, 1947

**No. 51552.**—SUIT 4539.—
—*John Heathcoat & Co., Inc.* v. *United States.* C. D. 956 affirmed December 9, 1946. C. A. D. 354.

BEFORE THE SECOND DIVISION, FEBRUARY 7, 1947

**No. 51553.**—Protests 585807–G, etc., of Julius Kayser & Co. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). In accordance therewith the claim at 50 percent ad valorem under paragraph 915, plus any additional duty applicable under paragraph 924, was sustained.

**No. 51554.**—Protests 922206–G, etc., of Julius Kayser & Co. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). In accordance therewith the claim of the plaintiffs was sustained.

BEFORE THE THIRD DIVISION, FEBRUARY 7, 1947

**No. 51555.**—Protest 115043–K of Alfred Hart Distilleries (Los Angeles).

Opinion by CLINE, J. It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination because of breakage, leakage, or damage. In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gauger's return as verified by the affidavit of the importer. The protest, having been abandoned as to entry 1631, was dismissed to such extent. In all other respects the protest was sustained as claimed.

**No. 51556.**—Protests 115226–K, etc., of Alfred Hart Distilleries, Inc. (Los Angeles).

Opinion by CLINE, J. It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination because of breakage, leakage, or damage. In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gauger's return as verified by the affidavit of the importer. The protests were sustained to this extent.

BEFORE THE FIRST DIVISION, FEBRUARY 10, 1947

**No. 51557.**—Petition 6567–R of Nicholas Gal (New York).

Opinion by COLE, J. The additional duties sought to be refunded resulted from this court's final appraisement, *United States* v. *Nicholas Gal et al.* (15 Cust. Ct. 395, Reap. Dec. 6192), holding export value as the proper basis for appraisement. Petitioner testified that prior to entry he consulted with the United States examiner and furnished all information in his possession concerning the shipments in question. After several conversations with the customs examiner, and subsequent to inquiries in the German market concerning prices and conditions prevailing